# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| John F. Brown, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 2:08-3124 |
| | ) | |
| Thomas Supply Co., Inc., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Defendant's motion for summary judgment. For the reasons discussed below, the Defendant's motion is granted.

## I. BACKGROUND AND PROCEDURAL HISTORY

On September 11, 2008, John Fitzgerald Brown (the "Plaintiff"), proceeding <u>pro se</u>, commenced this employment discrimination case pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The Plaintiff, who is black, alleged that he "was denied equal wages, harassed and subjected to diparate [sic] terms and conditions" of employment while working for Thomas Supply Co., Inc. (the "Defendant"). Docket Entry #1 at 3. He also alleged that he was discharged without reason. <u>Id.</u> In accordance with 28 U.S.C. § 636(b), this matter was assigned to United States Magistrate Judge Robert S. Carr.

On May 8, 2009, the Defendant moved for summary judgment. Docket Entry #25. On May 12, 2009, an order was issued, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), that explained the summary judgment procedure and advised the Plaintiff of the possible consequences if he failed to adequately respond. Docket Entry #26. The Plaintiff filed a timely response to the



Defendant's motion, <u>see</u> Docket Entry #30, as well as a "Motion for Trial by Jury," <u>see</u> Docket Entry #31. While the Plaintiff did not include any affidavits or exhibits with his responsive pleading, he included with his motion for a jury trial his own affidavit and various documents related to the administrative investigations of the Plaintiff's claims by the South Carolina Human Affairs Commission and the EEOC.

On June 30, 2009, Magistrate Judge Robert S. Carr issued a Report and Recommendation ("R&R") that recommended that the Court grant the Defendant's motion for summary judgment. Docket Entry #33. Specifically, the Magistrate Judge construed the Plaintiff's filings as alleging two separate theories of Title VII liability: wage discrimination, <u>see</u> <u>Brinkley-Obu v. Hughes Training, Inc.</u>, 36 F.3d 336, 343 (4th Cir. 1994), and discriminatory discharge, <u>see</u> <u>Karpel v. Inova Health Sys. Servs.</u>, 134 F.3d 1222, 1228 (4th Cir. 1998). The Magistrate Judge concluded that the Plaintiff had failed to establish a <u>prima facie</u> case under either theory and that summary judgment was appropriate on that basis. The Magistrate Judge gave the Plaintiff notice of his right to file objections to the R&R, and the Plaintiff filed his written objections on July 31, 2009. Docket Entry #39. The Defendant filed a reply to the Plaintiff's objections on August 10, 2009. Docket Entry #41. The matter is now before this Court.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See <u>Mathews v. Weber</u>, 423 U.S. 261, 270-71 (1976). The Court must make a <u>de novo</u> determination of any portion of the R&R to which a specific objection is made. "[I]n the absence of a timely filed objection, a district court need not conduct a <u>de novo</u> review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the



recommendation." <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation marks and citations omitted). Courts have also held that <u>de novo</u> review of the record is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the report and recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); <u>United States v. Schronce</u>, 727 F.2d 91, 94 n.4 (4th Cir. 1984). The Court is free, after review, to accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. §636(b)(1). In the absence of specific objections to the report and recommendation, this Court is not required to give any explanation for adopting the recommendation. <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

## II. ANALYSIS

The Defendant has moved for summary judgment on the Plaintiff's Title VII claims of wage discrimination and discriminatory discharge. When a party has moved for summary judgment, "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact and (2) he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). An issue of



such material fact is "genuine" if the evidence so offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962).

## A. Wage Discrimination

A plaintiff must prove three elements in order to establish a prima facie case of wage discrimination under Title VII: (1) he is a member of a protected class; (2) he was paid less than an employee outside the class; and (3) the higher paid employee was performing a substantially similar job. Brinkley-Obu, 36 F.3d at 343; Kress v. Mun. Employees Credit Union of Baltimore, Inc., 319 F. Supp. 2d 637, 644 (D. Md. 2004). If a plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for its actions. If the defendant articulates such a reason, the burden then rests on the plaintiff to come forward with evidence that the defendant's proffered reason for its actions is a mere pretext for impermissible discrimination. Brinkley-Obu, 36 F.3d at 344.

The Magistrate Judge concluded that the Plaintiff failed to establish a prima facie case of wage discrimination. Specifically, the Magistrate Judge quoted from the Plaintiff's deposition:

Q. Are you aware of any non-supervisor, white, lumber yard employees who earned more per hour than you?

A. I don't know, because the two guys that came in when I was there, I don't know if they quit or got terminated or what.

Q. So is your answer you don't know?

A. I don't know.

Docket Entry #33 at 12. Relying on this testimony, the Magistrate Judge concluded that the Plaintiff



failed to establish that any similarly situated white employee was paid more than he was paid and thus could not satisfy the second required element of his wage discrimination claim.

The Magistrate Judge failed to acknowledge, however, that the Plaintiff, in his handwritten memorandum in opposition to the Defendant's motion for summary judgment, claimed the following:

> Before I started work at Thomas Supply I was told by James Dozier that I would recieve [sic] after 90 days an evaluation and pay raise. Marty Huggins started after me with a starting salary of $10.75, $.25 per hour higher than Mr. Brown. Then recieved [sic] a pay increase of $.75 to a total of $11.50 per hour in June of 2007. (Human Affairs Report page 8). Mr. Huggins in a short time span with no experience in building supplies started with a higher salary but most importantly was given a pay raise of $.75. I was employed there nine and half [sic] months and could not even get a evaluation [sic]. When my 90 day's [sic] where [sic] over I got my Health and dental insurance. I asked Lynn when would I get my evalution [sic]. Lynn said that James would call you. I never got a evalution [sic] or a pay raise and James Dozier never talked to me.

Docket Entry #30 at 10. The Plaintiff repeats this claim in his objections to the Magistrate Judge's R&R:

> Mr. Dozier did not give evaluation and pay raise after 90 days as was promised when I was hired. When asked for my evaluation I was told James will call you. Dozier states in Human Affairs Report page 4, Brown started out as a good worker, within a few months, he developed attitude problems. 90 days is only three months. Mr. Dozier accused me of destroying a truck, which I did not do and having a bad attitude. But as human being and deserving to be treated fairly, I still deserved my evaluation as promised. Marty Huggins stared [sic] after me with a starting salary of $10.75, .25 cents more than I did. He then received a pay increase of .75 for a total of $11.70 per hour in June of 2007 (Human Affairs Report page 8). Mr. Huggins (white) in a short span of time with no more experience in building supplies started with a higher salary, was given a pay raise, and most importantly was given an evaluation. I was employed there 9 and 1/2 months and could not even get an evaluation.

Docket Entry #39-2 at 4.

The Court will treat this particular claim by the Plaintiff as an objection to the Magistrate



Judge's conclusion that the Plaintiff could not point to a similarly situated white employee who was paid more than he was paid. The Plaintiff has pointed to Marty Huggins, a white lumberyard worker, who started at a higher hourly wage than the Plaintiff. Mr. Huggins was also given an evaluation, which led to a raise, thus increasing the wage disparity between Mr. Huggins and the Plaintiff. Construing these facts in the light most favorable to the Plaintiff, the Court concludes that the Plaintiff has, in fact, established a <u>prima facie</u> case of wage discrimination under Title VII.

Nevertheless, the Defendant remains entitled to summary judgment on this claim because it has put forward legitimate, non-discriminatory reasons for its actions and the Plaintiff has failed to present any evidence that the Defendant's proffered reasons are pretextual. Specifically, the Defendant points to evidence in the record that Mr. Huggins, a salesman with over 30 years of experience, was actually hired to work in the Defendant's sales department. Docket Entry #31-2 at 33. Mr. Huggins only worked in the lumberyard because he did not have experience selling building supplies; the Defendant sought to give him experience with these types of products before moving him to the sales department. <u>Id.</u> The Defendant thus paid Mr. Huggins a starting salary that "was less than the beginning salary for a sales associate, but higher than the starting salary for a lumber yard worker." <u>Id.</u> These are legitimate, non-discriminatory reasons for the Defendant's wage decisions, thus shifting the burden to the Plaintiff to come forward with evidence that these reasons are a mere pretext for impermissible discrimination

A plaintiff meets his burden of proving pretext either by showing that an employer's explanation is "unworthy of credence" or "by offering other forms of circumstantial evidence sufficiently probative of . . . discrimination." <u>Mereish v. Walker</u>, 359 F.3d 330, 336 (4th Cir. 2004). Here, the Plaintiff points to no evidence calling the Defendant's explanation into question or



suggesting that it is simply a pretext for discrimination. Indeed, evidence in the record suggests that the Plaintiff, because he possessed a commercial driver's license, earned a higher hourly wage than some of his lumberyard coworkers, both white and black. Docket Entry #25-1. In the absence of evidence creating a genuine issue of material fact with respect to the Defendant's explanation for the disparity between the Plaintiff's wage and that of Mr. Huggins, the Court concludes that summary judgment in the Defendant's favor is both necessary and appropriate. Mereish, 359 F.3d at 339.

### B. Discriminatory Discharge

A plaintiff must prove four elements to establish a prima facie case of discriminatory discharge under Title VII: (1) that he is a member of a protected class; (2) that he was qualified for his job and his job performance was satisfactory; (3) that, in spite of his qualifications and performance, he was fired; and (4) that the position remained open to similarly qualified applicants after his dismissal. See Karpel, 134 F.3d at 1228. Here, the Magistrate Judge reasoned that the Plaintiff failed to make out a prima facie case because the Plaintiff was not performing his job at a level which met his employer's reasonable expectations. Additionally, the Magistrate Judge concluded that the Defendant proffered a legitimate, non-discriminatory reason for terminating the Plaintiff: "Brown's refusal to follow simple instructions, poor work attitude, and poor work performance." Docket Entry #25-1 at 4. The Magistrate Judge also noted that the Plaintiff was hired and fired by the same supervisor, a point the Plaintiff himself notes in his objections. See Docket Entry #39-2 at 4 ("Mr. Dozier is the same person who hired and fired me."). As the Fourth Circuit has observed, "in cases where the hirer and the firer are the same individual and the termination of employment occurs within a relatively short time span following the hiring, a strong inference exists that discrimination was not a determining factor for the adverse action taken by the employer."



Proud v. Stone, 945 F.2d 796, 797 (4th Cir. 1991).

The Court has reviewed the Plaintiff's objections and is unable to find any issue that would call into question the Magistrate Judge's recommended disposition of this claim. Indeed, the Plaintiff does not cast his objections in the form of specific allegations of error in the R&R, but instead simply restates his version of the facts surrounding his employment with the Defendant. The Plaintiff's primary concern appears to be disparities between Mr. Dozier's affidavit and the Defendant's report to the South Carolina Department of Human Affairs, not errors in the Magistrate Judge's R&R. The Court notes that it need not conduct a de novo review of objections presented in this form, as the objections never cite specific conclusions of the R&R that are erroneous. See, e.g., Camby, 718 F.2d at 199; see also Smith v. City of N. Charleston, 401 F. Supp. 2d 530, 533 (D.S.C. 2005) ("Plaintiffs' objections to the R&R are complete rehashings of arguments made to, and rejected by, the Magistrate."). Therefore, the Court adopts that portion of the R&R that concludes that the Defendant is entitled to summary judgment on the Plaintiff's discriminatory discharge claim and incorporates it herein by reference.

## III. CONCLUSION

In summary, the Court concludes that the Defendant is entitled to summary judgment with respect to the Plaintiff's Title VII claims. The Court adopts and incorporates the Magistrate Judge's R&R (Docket Entry #33), as modified by the Court's above discussion of the Plaintiff's wage discrimination claim. The Defendant's motion for summary judgment (Docket Entry #25) is granted. The Plaintiff's motion for a trial by jury (Docket Entry #31) is denied. The Defendant's motion to amend/correct the scheduling order (Docket Entry #32) is denied as moot.



**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

July ____, 2010
Charleston, South Carolina